IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Junior G. Dehoyos, #98229-198 ) | Civil Action No. 8:08-2136-GRA-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| John LaManna, Warden, and Rodney ) | |
| E. Rogers, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),[1] which allows an action against federal employees for violations of constitutionally protected rights. This matter is before the Court on the defendants' motion for summary judgment. [Doc. 22.] The plaintiff alleges that the defendants assaulted him without justification.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

---

[1] A *Bivens* action is analogous to a claim under 42 U.S.C.§ 1983, except the action is brought against a federal employee rather than an employee acting under the color of state law. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Case law involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Farmer*, 511 U.S. 825.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A pro se complaint, "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (U.S. 1976). A court may not construct the petitioner's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

2

> that there is no genuine issue as to any material fact and that
> the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are

insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

The defendants contend that the plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing an action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion. The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." *Id*. (Internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law. *Id*. Thus, federal prisoners suing under *Bivens* must first exhaust the inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a Section 1983 suit. *See Hicks v. James*, 255 Fed. Appx. 744, 747 (4th Cir. 2007).

The defendants have submitted evidence that, not only has the plaintiff never pursued his administrative remedies, he has never even requested a grievance form. (Rittenhouse Aff. ¶ 8-9.) The defendants have put forward evidence that the Administrative Remedy log, which details all formal requests filed by the inmates, reflects no formal request by the plaintiff. Joseph Rittenhouse, who is responsible for assisting inmates with the grievance process, has sworn that he makes regular rounds and that the plaintiff has never asked for the informal or formal remedy forms. *Id*. ¶ 6, 8. Moreover, the plaintiff was free to make a written request for necessary grievance forms but never did so. *Id*. ¶ 6, 9.

The plaintiff has not disputed this evidence either with his own evidence or even with any argument in response. He has not produced evidence of having either requested or filed any grievance. He nowhere disputes that he has failed to exhaust his administrative remedies. In fact, his response to summary judgment is literally silent as to the exhaustion issue other than to state, in one sentence, that he had asked for a form but it was never delivered. He does not allege or demonstrate that he followed up his alleged request with another verbal or written request. He has not made any effort to document any steps he might have taken to secure the necessary forms or initiate the grievance process. The plaintiff has not produced any documentation demonstrating any attempt to secure the necessary forms. He does not dispute Rittenhouse's representation concerning the rounds he regularly makes or his availability to assist with the grievance process. He has simply not attempted to make any showing concerning his summary allegation, in the Complaint, that he has been "denied access to any means of pursuing evidence." (Amend. Compl. at 2.) Moreover, the plaintiff has essentially conceded that he has not pursued his administrative remedies in his Complaint. *Id*. The plaintiff certainly has not demonstrated or alleged exhaustion of his claim. He has essentially ignored the matter in his response to summary judgment.

Accordingly, the Court has no choice but to recommend dismissal for failure to exhaust administrative remedies.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment [Doc. 22] should be GRANTED and the plaintiff's claims dismissed *without prejudice*.

      IT IS SO RECOMMENDED.

                                                                       _____
                                                                         BRUCE H. HENDRICKS
                                                                         UNITED STATES MAGISTRATE JUDGE

March 20, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

8